UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JESSICA CHAPMAN, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | Case No. 2:08-cv-01247-HGD |
| ) | |
| FRED'S STORES OF TENNESSEE, ) | |
| INC., ) | |
| ) | |
| Defendant ) | |

**CONSENT CONFIDENTIALITY AGREEMENT
AND PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the stipulation and agreement of all the named Parties to this action (each a "Party" and collectively the "Parties"), the Court hereby ORDERS as follows:

The following provisions shall govern the pretrial disclosure and use by the Parties of all documents, electronically stored information, testimony, and other information given during the course of discovery.

1.  The Parties acknowledge that they will be exchanging documents and information solely because they are parties to the above-captioned proceeding and during the course of anticipated litigation and thus agree that all information

exchanged between them will be used only for purposes of this lawsuit ("this Litigation") between the Parties hereto and for no other purpose.

2. The Parties also acknowledge that it is likely they will produce and/or otherwise disclose in this litigation information that is confidential or proprietary.

3. "Information" is defined broadly to include information in any form, whether provided in response to a request for information, in documents, in settlement discussions, or in testimony. "Document" is defined broadly to include tangible paper as well as information stored electronically on disc, tape, or otherwise.

4. Counsel for any Party can designate confidential or proprietary information that is not in the public domain as "confidential" by marking each page as such, in which event such information shall be treated as follows:

(a) Confidential information may not be shown or disclosed to any person other than: (i) counsel to a Party, including paralegal, secretaries and support personnel working for that attorney on this litigation; (ii) a Party to this Litigation, including immediate family members and those employed by the Party who are involved in the facts underlying this Litigation or involved in the prosecution or defense of this Litigation and who counsel to the Party believes should have access to the information, provided that such persons understand the need to maintain the confidentiality of the information; (iii) experts retained by or on

behalf of the Party, provided such expert agrees to abide by the terms of this confidentiality agreement and order as evidenced by his or her signature on the form annexed hereto as Exhibit A; (iv) judges, court reporters, jurors, and employees of the Court who are participating in the hearing of this Litigation; and (v) witnesses who are expected to testify during this Litigation or hearing of this case or any related litigation between the Parties hereto, and any potential witnesses to the extent necessary to interview, prepare the witness for testimony, or question the witness, provided that such witnesses or potential witnesses who are not employees of a Party to this Litigation agree to abide by the terms of this confidentiality agreement as evidenced by his or her signature on the form annexed hereto as Exhibit A.

(b) To the extent such information and/or documents are produced, Plaintiffs' counsel and Defendant's counsel agree that at the conclusion of this Litigation or any related litigation between the Parties, all confidential information that is in physical tangible form shall be destroyed or returned to the Party designating the information as confidential.

5. Any Party can designate information produced in this Litigation as "confidential." The Party shall do so in the following manner:

(a) If the information is a document and is produced by the Party seeking to designate the information as confidential, the Party shall mark the document as confidential on the face of the document.  If the document designated as confidential and is being produced in an electronic format, the producing Party can identify the document as confidential by stating so in the transmittal correspondence through which the electronic document is produced.  If the information is in a document produced by someone other than the Party seeking to designate the document as confidential, the Party seeking to designate the information as confidential shall notify the other Parties to the litigation in writing that it considers the information confidential and the adverse Parties receiving the information shall thereafter treat the information as confidential and shall take the steps it deems reasonably necessary to ensure that others who have received the information treat it as confidential.

(b) If the information is contained in a response to a request for information or other interrogatory by the Party seeking confidential treatment, the Party shall designate the response as confidential when responding to the request.  If the information is contained in a response by someone other than the Party seeking confidential treatment, the

4

Party seeking to designate the information as confidential shall notify the other Parties to this Litigation in writing that it considers the information confidential, and the adverse Party receiving the information shall thereafter treat the information as confidential and shall take the steps it deems reasonably necessary to ensure that others who have received the information treat it as confidential.

(c) If the confidential information is contained in testimony offered at the hearing of the case or otherwise, the Party seeking to designate the information as confidential shall do so on the record at the time the testimony is offered or as soon thereafter as practical.

6. Information inadvertently disclosed without being designated confidential and information disclosed prior to the execution and entry of this Confidentiality Agreement and Protective Order may thereafter be designated confidential by promptly notifying the Parties receiving the information in writing that such information is confidential, and the receiving Parties shall thereafter treat the information as confidential and shall take the steps they deem reasonably necessary to ensure that others who receive the information treat it as confidential.

7. If any Party to this Litigation receives from a third party a subpoena, discovery request, or other demand for confidential information disclosed in this litigation, the Party receiving the subpoena, discovery request, or other demand for

confidential information shall take the steps it deems reasonably necessary to preserve the confidentiality of the information and shall immediately notify the Party who demanded confidential treatment that it has received a demand for the information and shall reasonably cooperate with the Party who designated the information as confidential in seeking a protective order or other limitation by the Court on disclosure of the confidential information.  This Confidentiality Agreement and Protective Order shall not prohibit any Party hereto from responding to subpoenas that are valid and enforceable under the law applicable to this proceeding as issued by a court of law having jurisdiction over the Party receiving the subpoena, or from responding to a request for documents or information by a governmental agency or self-regulatory organization having jurisdiction over a Party in this proceeding.  Any Party who receives such a subpoena (other than from a regulatory or self-regulatory organization) must provide a copy of the subpoena to all other Parties upon receipt of the subpoena.

    8.    The agreement to keep information confidential shall not be construed as an acknowledgment that such information is confidential, and the agreement to maintain confidentiality shall not be offered or used t support a position that the information is in fact confidential.

    9.    The designation of information as confidential shall constitute a certification that the Party seeking confidentiality believes in good faith that the

information is confidential or proprietary information that is not in the public domain, that restrictions on disclosure are otherwise necessary to protect the privacy interests of individuals, or that other good cause exists under applicable law to restrict access to the information. Disclosure of confidential information pursuant to this Confidentiality Agreement and Protective Order shall not be construed as a waiver of the confidentiality of the information.

10. If any Party believes that information has been improperly designated as confidential and seeks to challenge that designation, it shall first confer with the Party that designated the information as confidential to resolve the dispute without the intervention of the Court. If it is not possible to resolve the dispute, the Party seeking to have the confidentiality designation removed shall make a motion to the Court. However, the burden shall be on the Party designating the information as confidential to justify why the information is entitled to confidential treatment. The failure to seek to remove the confidential designation shall not be construed as a concession that the information is confidential.

11. The Parties producing information in this litigation are relying upon this Confidentiality Agreement and Protective Order, and therefore it may not be modified except by mutual agreement of the Parties.

12. This agreement shall be governed by the Federal Rules of Civil Procedure and applicable federal and/or state case law.

13. Nothing in this order shall prevent the Parties from agreeing to a separate protective order for highly confidential information which requires, in the judgment of the producing Party, additional protection.

14. Nothing contained in this order shall be construed as an admission that any document or information, or any testimony relating to such document or information, is or would be admissible in evidence in this Litigation or in any other proceeding.

15. Nothing in this order in any manner defines, expands or restricts the appropriate scope, nature, or extent of discovery in this Litigation.

16. The provisions of this order shall survive the conclusion of this action.

DONE and ORDERED this 4th day of September, 2014.

_____
HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**
**AGREEMENT TO MAINTAIN CONFIDENTIALITY**

I have read the Confidentiality Agreement and Protective Order, attached hereto, in the *Jessica Chapman et al. v. Fred's Stores of Tennessee, Inc.*, proceeding and agree to abide by its terms and to use any information that I receive in connection with that litigation solely for purposes of that litigation and any related litigation between the Parties and to maintain the confidentiality of any information so designated. I submit to the jurisdiction of the governing court in this case and to the courts of Alabama for purposes of the enforcement of this Confidentiality Agreement and Protective Order.

_____